Troutman Pepper Hamilton Sanders LLP
Suite 200, 100 Market Street, P.O. Box 1181
Harrisburg, PA 17108-1181

troutman.com

**Adam R Martin**
D: 717.255.1132
adam.martin@troutman.com

**VIA ECF**

March 27, 2024

Chief Judge Matthew W. Brann
Sylvia H. Rambo
United States Courthouse
1501 North 6th Street
Harrisburg, PA 17102

Re:     Samantha Camden v Bucknell University
        Case No. 23-01907

Dear Hon. Chief Judge Brann:

I write jointly on behalf of Plaintiff Samantha Camden ("Plaintiff") and Defendant Bucknell University ("Bucknell") regarding your Honor's Opinion and Order dated February 23, 2024 (Dkts. 19-20).  Specifically, Plaintiff and Bucknell write to address the Court's concern that the amount in controversy may not exceed the $5,000,000 threshold for subject matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d)(2), (d)(6), (d)(2)(A), and (d)(5)(B) ("CAFA").

The parties have engaged in information exchange and a meet-and-confer regarding the amount in controversy.   Although Bucknell vigorously disputes that Plaintiff is entitled to such damages, or any damages at all, both Parties agree that Plaintiff has adequately pleaded the requisite amount in controversy. The Court noted that Plaintiff "concedes that she is not entitled to a refund of her entire Spring 2020 tuition" referring to Plaintiff's acknowledgement that Bucknell refunded a *pro rata* amount for room and board.  (Dkt. 19, p. 12 n.56).  The Court then assumed that the Plaintiffs' might be seeking about half of the semester's tuition as damages and looked to the allegations regarding per student loan debt (about $3,375 per semester) as a proxy for tuition.  *Id.* at 12-13.  While certainly many students finance some or all of their tuition with loans, many do not use any loans or only finance a portion of their tuition with loans. Therefore, a student's loan debt does not necessarily correlate to the tuition and fees they pay. Bucknell's net tuition revenue for the year ending June 2020 was $146,818,000.  While defendant disputes there is a reasonable basis for awarding any such damages, if the class were to recover 1/4 of that amount, the amount in controversy would clearly exceed $5,000,000.

In light of the information above, the parties believe that a separate track for jurisdictional discovery would not be the most economical approach to ultimately move this matter forward to

troutman pepper

resolution. Particularly, the parties note their intention to engage in early mediation before a private mediator in the hope that the parties could resolve this matter without the need for further discovery or judicial intervention. Bucknell and Plaintiff intend to request that the Court stay this matter until the parties have completed their mediation efforts and will make a formal motion at or shortly after the conclusion of the initial case management conference set for April 3, 2024.

Of course, the Parties are happy to discuss any concerns the Court may have further at the April 3 Conference and will proceed to discovery as the Court prefers, but the parties believed it would be helpful to update the Court on their efforts to address the Court's questions regarding subject matter jurisdiction in an effort to streamline the April 3 Conference.

Very truly yours

Adam R Martin
ARM/jk

CC: All Counsel of Record